Case number 24-7132, Mary E. Chambers, Appellants v. District of Columbia. Mr. Branch for the Appellants, Ms. Johnson for the Appellants. Good morning, counsel. Mr. Branch, if you're ready. May I please support? I'm David Branch, counsel for the Appellant, Mary Chambers. This is a Title VII sex discrimination claim, the court is aware. This is a District Court-granted summary judgment on the sex discrimination claim. It arises from a denial of a transfer in 2010. The District Court-granted summary judgment is essentially finding that male employees identified by the plaintiff were not similarly situated. So there are really two issues here. One is an issue of context and the other is the issue of pretext. We believe that the District Court erred in granting summary judgment because some male employees were similarly situated. They were materially situated. They were not obviously identical, but they were situated in terms of having the same position. The client was a support employment... I forgot the title. Let's see. Specialist, support enforcement specialist. My apologies. The male employees that were identified were in a similar position. The male employees were accused of engaging in pretty serious misconduct. The plaintiff previously requested in 2008 to be transferred. The request was denied because it was alleged that she was needed to perform specific duties. But in 2010, she was no longer performing those duties. She requested the transfer. It was once again denied. With the comparators, with the male who were transferred, they didn't ask for a transfer, right? They got transferred because of the disciplinary problem? Yes. Yes, Your Honor. There were disciplinary allegations of conduct issues with the male employees. It seems like a pretty materially distinct situation when the predicate for the transfer is a disciplinary problem as opposed to a request for a transfer that's denied. Well, Your Honor, I think the evidence in the record is that the Office of Attorney General permitted many employees to transfer. And it was done basically whenever it was requested or whenever the office determined that a transfer was appropriate. There were no—it doesn't seem like there were any impairments on transfers other than the request made by Ms. Chambers. And I think she provided a statement that over a period of time, she requested maybe 20 transfers, and all of the requests were denied. But in the same year, 2010, these two male employees were moved out, were transferred to different positions while her request was denied. And she alleged not only her but other female employees had their requests denied. So the question is whether when the employer Office of Justification, if that justification has been discredited, and here it was, or at least we believe it was done to an extent that it raises an issue that should be presented to a jury, if the employer's explanation is discredited and then there's other evidence of discrimination or evidence that could support an inference of discrimination, and that was certainly the case here. Not only did the male employee—were the male employees permitted to transfer, as you, Court, just noted, they had serious performance issues or conduct issues, and they were allowed to transfer. And then there's other evidence of just a pattern of discrimination, particularly against Ms. Chambers. She was falsely accused of some type of misconduct with someone visiting the agency. And I think she was suspended for four days for that. And once again, male employees who engaged in far more serious misconduct, they were permitted to transfer or move to other positions. Just a couple of other additional issues that I'd like to raise. The district has taken the position that this was due to staffing needs, that the denial of the transfer was due to staffing needs. Once again, we believe that that's been discredited or at least an issue for the jury has been raised on that point because she disputes that there was still the need for her presence in this position in 2010. In fact, her statement to the EEOC and sworn testimony was that in 2010, she was no longer performing these duties that the agency determined that she needed to perform in 2008. So the question becomes, if you're keeping her in this position in 2010 because you claim in 2008 she was performing some critical duties and those duties are no longer there, that the district's position has been discredited. And then the question becomes whether there's any other evidence from which a jury could infer some type of discriminatory treatment. And we have the history of what happened to this employee. Just a number of issues from the time that she requested the transfer, the incident with the being suspended for four days. She's also alleged that at least one male employee received either some type of award or some type of benefit even though the employee worked in the file room and was a fairly new employee. But she was a long-term employee and not provided any type of special benefits provided by the employer. There was also, I think we addressed this already, but there was this issue of whether these two male employees were similarly situated. And it's our position that they were at least similarly situated in their titles and in the timing or the time period when the actions were taken. There's also a question, there was also an issue raised about the women. There was an allegation that the discriminating official, Ms. Rice, permitted 16 women to be transferred over a period of time. And I believe under the Supreme Court decision of Reeves that Title VII addresses individual acts of discrimination. So the fact that women were permitted to be detailed or transferred does not undercut any claim that Ms. Chambers has. Especially when there's evidence that she was denied the transfer and male employees, a number of male employees were granted transfers. So the fact that some women may have been permitted to transfer does not undercut her claim. This is just another claim that should be presented to the jury. Once the chief reason offered by the employer is discredited or undermined, then it opens the door for other evidence of discrimination. And the type of evidence that was presented before the district court is the type of evidence that's routinely presented in employment discrimination cases. Hey, I was denied a transfer or action was taken against me. Other employees who were similarly situated were provided more favorable treatment. There's a shifting. Can I just, I want to zero in on something. You say that the reason for denying the transfer was discredited in the district court. Can you just zero in on what that reason was and how was it discredited? I missed one word that you said. What that reason was? What was the reason and how was it discredited? So, it was, the district court essentially found that the male employees were not similarly situated. No, no, no, no. You said that the office, the employer, gave a reason for denying the transfer and that that reason was discredited. Well, the argument that's being made is that there were, she was needed, that Ms. Chambers was needed in this office for whatever staffing reasons or to work on a particular assignment. I think there's an email from Ms. Dewberry in the joint appendix where she does a draft letter and she says, I'm going to send this letter to Ms. Chambers to deny her request to transfer and that's sent to Ms. Rice. But the justification, basically, the explanation was she's needed in this office to perform whatever duties are being performed in the office. When, in fact, that was not true. Ms. Chambers provided a statement to the EEOC that the duties that she had been performing since 2008 were no longer being performed. And then, just later in 2000, that was 2010. But in 2011, all of the duties that were being performed were redistributed or moved around. So that undermines this claim that somehow she's needed to remain in this. Let me interrupt for a second. We have to operate based on the summary judgment record and whether there was a dispute of fact or whether the undisputed facts support granting or denying summary judgment. So, what did the district court say with respect to whether this reason was discredited? Did the district court say that you had raised a dispute of fact on that or that you had not raised a dispute of fact that was discredited? I don't specifically recall that the district court even addressed this issue. The district court went straight to the claim of whether there were similarly situated employees. And he found that these male employees were not similarly situated for the reasons argued by the district here, that this was disciplined and they had a different reporting relationship. And that's all the district court did. The district court decided the case based on the fact that he found that there were no similarly situated male employees. It seems to me that if an employer presents the legitimate non-discriminatory reason for taking the action, then you go to, well, does the evidence kind of rebut that and show that it's a pretext or at least raise enough of a question of fact to send it to a jury? It seems to me that it's an entirely different kettle of fish, so to speak, if the plaintiff shows that the legitimate non-discriminatory reason that was proffered was indeed itself without factual basis or was false, direct evidence that it's false. I didn't take, maybe I missed it, but I didn't take from your briefing that that was your argument. Your Honor, that's been one of our arguments all along. I mean, that was the basis of her claim at the EEOC and that's always been the basis of her claim that a decision, that I was in this position in 2008, 2010, I requested a transfer. That was denied and then male employees were transferred. We'll give you a little time for rebuttal. Yes, Your Honor. Thank you. Ms. Johnson. Good morning. May it please the Court. There are two decision-makers in this employment action. There's Ms. Dubarry, who was the immediate supervisor, and there's Rice, who was the director of the division. Dubarry made the initial decision to deny the transfer because it would leave her unit short-staffed. Rice approved Dubarry's decision because Dubarry had said she needed Chambers to stay in her division. Chambers does not claim that Dubarry acted with discriminatory motives. So Dubarry has fallen out of this case. This case is now about whether Rice acted with discriminatory animus. And Ms. Chambers has offered not a shred of evidence that sex discrimination was the basis for the decision. Dubarry asked Rice to deny the transfer. She asked for approval to deny the transfer because she said it was imperative that she keep her new staffing level because there was a new reorganization that had just been announced and she needed Ms. Chambers to work enforcement cases. Ms. Chambers has offered no evidence that that was untrue. All she says today and in her reply brief, not in her opening brief, but in her reply brief was, well, I was no longer working RSR cases. Well, that's true. She was needed to work enforcement cases because there was a new reorganization. So even if the reason for her denial of a transfer in 2008, which is not before this court, was no longer in play, the reason that she was denied a transfer in 2010 has never been disputed. The district court didn't talk about whether that had been disputed because Ms. Chambers didn't offer evidence disputing that reason in the district court. Instead, Ms. Chambers relied on comparator evidence. But I would like to... The district court's opinion was confined to the comparators. I believe so. I mean, also, this court is doing de novo reviews. But I'm asking for a yes or no. I believe so. I mean, I didn't look at that question until a moment ago, but when I looked at it... You've read the district court's opinion, I assume. Of course I have. And I just looked it up again. I don't remember there being a discussion of something other than the comparators. And that may or may not be fine for our purposes. But as I recall, the district court's analysis was focused on and I think essentially confined to whether the comparators are comparators that we ought to take into account. Yes, because, and it says on JA 18, the plaintiff relies primarily on comparator evidence as support. So yes, the district court addressed the comparator evidence because... Primarily. Not exclusively. Of course. But Ms. Chambers has never disputed this evidence. I mean, I think that's the bottom line. She has never disputed that there was, in fact, a problem that would leave her unit short-staffed. Nor has she disputed that that's what Rice believed because that's what Dewberry told Rice. It would be astonishing for there to be a jury question when there's no evidence in the record to the contrary. So Ms. Chambers has never... Oh, and also I just want to emphasize that Ms. Chambers first raised this dispute in her reply brief. In her opening brief, she said that the reason was untrue and then she cited evidence from the 2011 transfer denial. I believe maybe she just confused the two. But they were different reasons, they were different years, they were different denials. So these arguments that Ms. Chambers is raising today are actually forfeited in her opening brief as well. They're not in there. She never argued that because she was no longer on RSR cases, Ms. Dewberry's reason for denying was somehow refuted. So I'm happy to answer any questions this court has, but I feel like it would be helpful if I just gave you sort of the bottom line for the three ways to prove animus and just really sort of the simplest and easiest way to affirm. First, we just discussed whether the reason proffered was false. Ms. Chambers has offered no reason that Rice would not have supported her immediate supervisor's request to keep an employee in her unit. Second, comparator evidence. Ms. Chambers has confined herself on appeal and in the remand to FM and JS, to the two employees. There's no evidence that Rice was involved in either decision. She certainly was not the decision maker in either decision. And this was not over the objection of the immediate supervisor. There was no issue where the supervisor was saying, please don't transfer this person. And on top of that, those people did not ask for a transfer. Our office does not routinely transfer people based on whether they want to. If they want to apply for a position, they can. But these are all distinguishing factors that could easily explain and provide a nondiscriminatory reason. Third, the other way that you can sometimes raise an inference of discrimination is through a pattern of discrimination, either against the plaintiff herself or against other people in her class. And I do want to emphasize that not only is there no evidence that Rice was involved in any of Chambers' prior grievances, not a shred of evidence that Rice was involved, and that's critically important, there's no evidence that the district or the OAG, the agency, discriminated at any time against any employee on the basis of sex. There's simply no evidence of discrimination in this case. And so we would ask this court to affirm. Thank you, counsel. Thank you. Mr. Branch, we'll give you one minute for a rebuttal. Yes, thank you. In terms of whether there's any evidence in the record to support discrimination based on sex, the evidence is the occasions where the appellant requested a detail or transfer and the transfer was denied and male employees requested or were given details or transfers and the transfers were granted. There's evidence in the record that there were many instances where male employees received details or received transfers and, of course, the issue that we have before the court is the denial of the transfer for the plaintiff or for the appellant. And there is... What do we do if the male employees who got transfers had different supervisors than Ms. Chambers? Your Honor, I don't think that... Well, they're working obviously within the same office and it's our position that there's a policy or practice in the office where these transfers were routinely granted unless there's some reason not to grant the transfer. But the male employees were granted transfers when they were requested. Some, we're not saying they all reported through Ms. Rice, but there are instances where some employees who did report to Ms. Rice received transfers and I mentioned this before, the fact that maybe some women were given details does not distinguish this case or prohibit her from moving forward with the case simply because some women may have been transferred. Title VII protects individual claims and her claim is that I was treated differently because of my sex, the male employees were given transfers, even these male employees who were problem employees conduct issues, all of these other issues, the discipline of her being singled out, all is based on her sex. We request that the court reverse the district court's decision on summary judgment and at the summary judgment stage, the question is not who should win but whether there's evidence that a jury could find in favor of the plaintiff. And we believe that Ms. Chambers has presented evidence on the record with the shifting explanations to compare those who were treated more favorably and the disparities in the treatment of men and women to warrant reversal. Thank you. Thank you, counsel. Thank you to both counsel for taking this case under submission.
judges: Srinivasan; Wilkins; Rao